IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00542-GPG

STEVEN CHOI,

    Applicant,

v.

WARDEN LOU ARCHULETA,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Steven Choi, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Choi has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) asserting one claim for relief.  The court must construe the application liberally because Mr. Choi is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Choi will be ordered to file an amended application if he wishes to pursue his claim in this action.

    The application is deficient because Mr. Choi fails to provide a clear statement of the claim he is asserting.  Mr. Choi is challenging a prison disciplinary conviction.  However, he does not claim that his federal constitutional rights were violated in the prison disciplinary proceedings and he fails to allege facts that demonstrate he is entitled to habeas corpus relief.  Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Choi "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Choi must allege specific facts in support of his claim that demonstrate he is entitled to relief. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [government] should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

If Mr. Choi intends to assert a constitutional due process claim, he must allege facts that demonstrate he was deprived of a constitutionally protected liberty interest without adequate due process. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Furthermore, even if Mr. Choi was deprived of a constitutionally

protected liberty interest, he also must allege facts that demonstrate he was denied the minimum due process required at a prison disciplinary hearing.   When a constitutionally protected liberty or property interest is implicated in prison disciplinary proceedings,

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).   Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Choi file an amended application that clarifies the claim he is asserting.   It is

FURTHER ORDERED that Mr. Choi shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Choi fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED March 14, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge